## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | **Criminal Action No.** |
| vs. | § | **3:15-CR-43-K** |
| | § | |
| SANTIAGO REYNOZO | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated December 13, 2022 (doc. 272), before the Court are the *Petition for Person Under Supervision*, filed August 29, 2022 (doc. 252), and the *Addendum to Petition for Person Under Supervision*, filed December 9, 2022 (doc. 270).  The defendant appeared in person and through counsel for a final revocation hearing on January 12, 2023.  After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment of **SEVEN (7)** months, with no additional term of supervised release to follow.

### I.  BACKGROUND

Santiago Reynozo (Defendant), was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and using, carrying, or brandishing, a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (*See* doc. 3 at 4-9.)[1]  He pleaded guilty to a superseding information charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and by judgment dated November 10, 2015, he was sentenced to 78 months, to be followed by a four-year term of supervised release.  (*See* docs. 168-171, 173, 181, 221.)  He began his term of supervised release on December 24, 2020.  (*See* doc. 252.)

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

A.    **Petition**

On August 29, 2022, the supervising United States Probation Officer (USPO) submitted a petition for person under supervision (Petition) alleging the following violations:

I.

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

**Nature of Noncompliance**

Santiago Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, May 2022. On May 13, 2022, Mr. Reynozo submitted a urine specimen to the U.S. Probation Office, Dallas, Texas, that tested positive for marijuana.  The urine test results were received on May 26, 2022.  On June 8, 2022, Mr. Reynozo reported to the U.S. Probation Office, Dallas, Texas, and U.S. Probation Officer Cynthia Correa (USPO Correa) confronted him with the results of the urine specimen he submitted on May 13, 2022.  Mr. Reynozo reported he was exposed to second-hand smoke. USPO Correa informed Mr. Reynozo that it is a violation of his conditions of supervised release to associate with anyone that uses and possesses illegal drugs.  He was advised to seek an alternate source of transportation.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, May 2022. On May 17, 2022, Mr. Reynozo submitted a urine specimen to Homeward Bound Incorporated (HBI), Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana.  The urine test results were received on June 8, 2022.  On June 9, 2022, USPO Correa made contact with  Mr. Reynozo at his residence and informed him that the urine specimen he submitted on May 17, 2022, tested positive for marijuana.  Mr. Reynozo denied drug use, and reported he rides in his coworker's vehicle that has a strong odor of residual marijuana and attributed this to him indirectly ingesting the drug.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, May 2022. On May 27, 2022, Mr.

Reynozo submitted a urine specimen to Homeward Bound Incorporated (HBI), Dallas, Texas, that tested positive for marijuana. The urine specimen has been submitted to the national drug testing laboratory and is pending confirmation. The test results were received on June 17, 2022, and Mr. Reynozo denied any drug use during a home visit on June 16, 2022.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, June 2022. On June 7, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana. The urine test results were received on June 24, 2022. On June 30, 2022, USPO Correa attempted to contact Mr. Reynozo and he did not respond.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, June 2022. On June 16, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, June 2022. On June 29, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana. The urine test results were received on July 21, 2022. USPO Correa attempted to contact Mr. Reynozo on July 21, and July 23, 2022, and he failed to respond. On July 25, 2022, he reported his phone was disconnected, and he was using an app to communicate.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, July 2022. On July 14, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The urine specimen has been submitted to the national drug testing laboratory and is pending confirmation. The test results were received on August 1, 2022. On August 19, 2022, USPO Correa contacted Mr. Reynozo and confronted him with the recent positive urine test result, and his failure to submit to random urine drug testing on July 21, 22, 25, and 26, 2022. Mr. Reynozo reported his phone was disconnected. He also continued to deny drug use.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, August 2022. On August 16, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The urine specimen has been submitted to the national drug testing laboratory and is pending confirmation. The test results were received on August 26, 2022. On August 26, 2022, USPO Correa attempted to contact Mr. Reynozo but was unsuccessful.

## II.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S.

Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

### Nature of Noncompliance

Mr. Reynozo violated this condition of supervised release when he failed to submit to random urine drug testing at HBI, Dallas, Texas, on April 26, June 1, and 23, October 24, November 2, and 29, 2021; and January 1, and 27, February 25, May 11, 22, and 23, June 6, July 21, 22, 25, and 26, 2022. On July 25, 2022, Mr. Reynozo informed USPO Correa that he failed to submit to random urine drug testing due to his phone being disconnected.

Mr. Reynozo violated this condition of supervised release when he failed to report to the U.S. Probation Office, Arlington, Texas, to submit a urine specimen on May 26, 2022.

Mr. Reynozo violated this condition of supervised release when he failed to report to HBI, Dallas, Texas, to complete his substance abuse intake assessment on June 22, 2022. Mr. Reynozo failed to attend a substance abuse treatment group session on July 28, 2022, and an individual session on August 19, 2022.

(*See* doc. 252.)

Defendant appeared on a summons for his initial appearance in this district on September 14, 2022. (*See* docs. 253, 255, 259.) His preliminary hearing under Fed. R. Civ. P. 32.1 and detention hearing were continued, and he was ordered detained pending those hearing. (*See* docs. 257, 258.) On September 20, 2022, he waived his rights to a preliminary hearing and was ordered released. (*See* docs. 262, 263.)

## B.    Addendum

On December 9, 2022, the supervising USPO submitted an addendum to the Petition that included all of the same violations as the First Petition almost verbatim, but also alleged the following violations:

### I.

### Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain

4

from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

## Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

## Nature of Noncompliance

Santiago Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, August 2022. On August 16, 2022, Mr. Reynozo submitted a urine specimen to Homeward Bound Incorporated (HBI), Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana. On August 19, 2022, Mr. Reynozo continued to deny using marijuana and reported his "lady friend" stopped using marijuana as well.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, October 2022. On October 10, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, October 2022. On October 27, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, November 2022. On November 3, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The national drug testing laboratory confirmed the specimen positive for marijuana. On November 14, 2022, USPO Correa instructed Mr. Reynozo via text message to report to the U.S. Probation Office, Dallas, Texas, on November 15, 2022, to confront him with the positive urine test results but he failed to report as instructed.

On November 17, 2022, Mr. Reynozo's sister, Jennifer Reynozo, was contacted and she agreed to instruct Mr. Reynozo to contact USPO Correa. However, Mr. Reynozo failed to contact USPO Correa on November 17, 2022. On November 18, 2022, USPO Correa contacted Ms. Reynozo again and she confirmed she had provided Mr. Reynozo with the message, and he agreed to contact USPO Correa. On Novmeber 18, 2022, Mr. Reynozo contacted USPO Correa and reported he did not receive the text message instructing him to report to the U.S. Probation Office, Dallas, Texas, on November 15, 2022.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, November 2022. On November 16, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The urine specimen has been submitted to the national drug testing laboratory and is pending confirmation. On November 18, 2022, Mr. Reynozo contacted USPO Correa and denied using marijuana.

On November 22, 2022, USPO made contact with Mr. Reynozo at his residence, and he continued to deny using marijuana. Mr. Reynozo insisted that the positive urine test results were due to residual effects of being previously exposed to second-hand smoke. He instructed USPO Correa to request a clinical interpretation. USPO Correa informed Mr. Reynozo that from August 25, 2022, to October 5, 2022, he submitted five urine specimens that were negative, then he started testing positive again on October 10, 2022.

Mr. Reynozo violated these conditions of supervised release when he used and possessed marijuana, an illegal controlled substance, in or about, November 2022. On November 28, 2022, Mr. Reynozo submitted a urine specimen to HBI, Dallas, Texas, that tested positive for marijuana. The urine specimen has been submitted to the national drug testing laboratory and is pending confirmation. On December 6, 2022, USPO Correa attempted to contact Mr. Reynozo and his phone was not in service. On December 6, 2022, USPO Correa attempted to contact Mr. Reynozo's sister and left her a voice message and a text message requesting that Mr. Reynozo contact USPO Correa. Mr. Reynozo contacted USPO Correa from his Wi-Fi enabled device and reported that his cellular phone service was disconnected on November 2, 2022.

## II.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

### Nature of Noncompliance

Mr. Reynozo violated this condition of supervised release when he failed to attend supportive outpatient substance abuse group counseling sessions on September 15, 2022; September 29, 2022; October 13, 2022; October 20, 2022; November 10, 2022; and November 24, 2022.

Mr. Reynozo violated this condition of supervised release when he failed to attend supportive outpatient substance abuse group counseling sessions on September 20, 2022; October 13, 2022; and November 10, 2022.

Mr. Reynozo reported that he missed treatment sessions due to lack of transportation.  Mr. Reynozo's primary substance abuse counselor reported that Mr. Reynozo was "missing in action" and had not attempted to call prior to missing his treatment sessions.

(*See* doc. 270.)

**C.    Revocation Hearing**

After consulting with counsel, Defendant appeared for a final revocation hearing on January 12, 2023.  After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition, and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations.  He understood that revocation was mandatory.  Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Petition and Addendum before a United States Magistrate Judge.  He sought to be heard, however, on the issue of the appropriate sentence.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of **SEVEN (7)** months with no additional term of supervised release.  Defendant was advised of his right to appear and speak, and to have his counsel appear and speak, before the assigned district judge prior to sentence being imposed.

## II.  ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under

7

this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

\*\*\*

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

\*\*\*

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[2]  Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true to the remaining violations in the Petition and Addendum, the Court finds that Defendant has violated the Mandatory Condition, Standard Condition No. 7, and the Special Condition, as alleged in the Petition and the Addendum.  Because he violated his conditions of supervised release by possessing a controlled substance, refusing to comply with drug testing, and testing positive for illegal controlled substances more than three times over the course of one year, revocation of his supervised release is mandatory.

As set out in the Petition and Addendum, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is three years.  (*See* doc. 270 at 4, citing 18 U.S.C. § 3583(e)(3).)  Based upon a violation grade of C and a criminal history category of II, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 4 to 10 months.  (*Id.*)  Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation.  (*Id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).)  Defendant is subject to a maximum term of supervised release of life, minus any revocation sentence.  (*See id.*)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and

---

[2]The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release.  *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011).  Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation.  *United States v. Tapia*, 131 S.Ct. 2382 (2011).

not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **SEVEN (7)** months, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. This sentence is warranted under the facts of this case. According to the Petition and Addendum, Defendant began testing positive for marijuana about five months of supervision. He denied use of marijuana but continued to violate his conditions of release by testing positive for marijuana, and he failed to report for testing and treatment. He also failed to report to his supervising officer as directed, and she was unable to contact him several times. (*See* docs. 252, 270.) Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence with no additional term of supervised release to follow, will afford adequate deterrence and protect the public from further crimes.

### III.  RECOMMENDATION

Defendant's plea of true to the violations in the Petition should be accepted, his term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SEVEN (7) MONTHS**, with no additional term of supervised release to follow.  The Court should recommend that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.  He is ordered to surrender to the United States Marshal no later than noon on January 19, 2023, for service of his sentence.

**SO RECOMMENDED on this 17th day of January, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE